UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN PAGE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN RAYTHEL FISHER, *et al.*,<br><br>　　　　　　Respondents. | Case No. 1:19-cv-01463-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 7 |

　　　　Petitioner Jason Alan Page, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Before us is respondents' motion to dismiss the petition for failure to state a cognizable habeas claim. ECF No. 7. For the reasons stated below, we recommend that the court grant petitioner's motion to dismiss.

**Background**

　　　　In 1995, petitioner was sentenced to twenty-five years to life in prison for murder, with a sentence enhancement of two years for the use of a firearm in the commission of a felony. ECF No. 1 at 5.[1] Petitioner seeks relief from a 2018 Board of Parole Hearings ("BPH") denial of

---

[1] We have reviewed the California Department of Corrections and Rehabilitation's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (search "Search for Inmate" for "Jason Page"). Petitioner remains incarcerated, was again denied parole on January 8, 2020, and will have his next parole

1

parole. *See generally* ECF No. 1. Specifically, petitioner seeks a review of the substantive findings of BPH, arguing that it: (1) failed to consider relevant mitigating factors in determining his suitability for parole, (2) relied on mischaracterizations of the evidence and conjecture, and (3) failed to support the parole denial with evidence that petitioner is dangerous. *See id.* at 2. In their motion to dismiss, respondents argue that the petition should be dismissed because claims seeking substantive review of state parole hearing decisions are not cognizable on federal habeas review. *See* ECF No. 7 at 3.

**Discussion**

No habeas rule explicitly applies to motions to dismiss and there is some doubt as to what legal framework applies to such motions. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the [Rules Governing Section 2254 Cases] but must be inferred from their structure and the Advisory Committee Notes."). Courts in this district have often analyzed motions to dismiss in the habeas context under Rule 4 of the Rules Governing Section 2254 Cases, and we take that approach here. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at *4 (E.D. Cal. June 2, 2017). Rule 4 establishes what is commonly known as a "screening" procedure for habeas petitions. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 n.14 (1978); Fed. R. Civ. P. 81(a)(4)(A). Under Rule 4, we evaluate whether it "plainly appears" that the petitioner is not entitled to relief—and if so we dismiss the petition.

Here, petitioner argues that BPH, in denying him parole, wrongfully relied on certain evidence and failed to consider fully some potentially-relevant evidence. ECF No. 1 at 2. Petitioner does not claim that the procedures used during the hearing were inadequate, but rather that the substantive findings of BPH were erroneous considering California's parole hearing evidentiary standard.[2] Federal habeas relief is only available for violations of the constitution,

---

hearing in January 2023.

[2] Under California law, the standard of review governing determinations of suitability for parole is properly characterized as whether "some evidence" supports the conclusion that the inmate is unsuitable for parole because he is currently dangerous. *See* Cal. Pen. Code § 3041(b) (West

2

federal law or treaties. *See* 28 U.S.C. § 2254(a). "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). To the extent petitioner claims only that BPH's decision was a violation of state law, we cannot grant him relief; federal habeas relief is not available for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). It is beyond the purview of this court to convert California's "some evidence" rule into a federal requirement. *See Swarthout*, 562 U.S. at 220-22 (Federal review of a state parole hearing is limited to the "process [petitioner] received, not whether the state court decided the case correctly."). Therefore, we can neither review the sufficiency of evidence presented nor the hearing officer's substantive findings in light of that evidence. Because petitioner's claim is not cognizable under federal habeas review, it plainly appears that petitioner is not entitled to relief. Therefore, we recommend that respondents' motion to dismiss be granted.[3]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

2018).

[3] Even if petitioner had claimed that the *procedures* afforded him during the BPH hearing were inadequate, he still would be unable to obtain habeas relief. In the context of state parole hearings, federal habeas review is limited to ensuring state prisoners are afforded "minimal" due process—that is, an opportunity to be heard and statement of the reasons for denial. *See Swarthout*, 562 U.S. at 220 (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Here, petitioner was present with counsel for all proceedings, was permitted to speak on his behalf, and was given detailed reasons for his denial of parole. *See* ECF No. 1 at 196-246; ECF No. 1-1 at 1-67. The constitution "does not require more." *Swarthout*, 562 U.S. at 220 (citing *Greenholtz*, 422 U.S. at 16).

This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant defendant's motion to dismiss, ECF No. 7, dismiss the case, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 30, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

.

4